FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 27 2016

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**SANDRA CARTER, on behalf of herself
and all other similarly situated individuals**                    **PLAINTIFFS**

**VS.**

NO. *4:16cv296 - DPM*

**MERIDIAN FINANCIAL SERVICES, INC.**                    **DEFENDANT** *Marshall*

This case assigned to District Judge _____
and to Magistrate Judge _____

## NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS, WESTERN DIVISION, AND TO ALL
PARTIES:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1331, 1367, and 1453, and

reserving any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure,

Defendant Meridian Financial Services, Inc. ("Meridian") hereby removes this action from the

Circuit Court of Pulaski County, Arkansas, Fifth Division, to the United States District Court for

the Eastern District of Arkansas. In support of this Notice of Removal, Meridian states:

A Notice of Removal is required to be a "short plain statement of the grounds for

removal, together with a copy of all process, pleadings, and orders served upon such

defendant or defendants in such action." 28 U.S.C. § 1446(a). A copy of all process,

pleadings, and orders in the Circuit Court of Pulaski County, Arkansas are attached as

Exhibits A, 1 to 4. The grounds for removal are as follows.

## THE STATE COURT ACTION

1.     Plaintiff Sandra Carter, on behalf of herself and all other similarly situated

individuals ("Plaintiff") originally commenced this lawsuit against Meridian by filing her

Complaint on April 5, 2016.  A copy of the original Complaint filed in state court is attached to this notice as Exhibit A-2. Meridian was served with Plaintiff's Complaint on May 1, 2016.[1] A copy of the Summons filed in state court is attached to this notice as Exhibit A-3. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Meridian's rights to assert any defense to Plaintiff's Complaint.

2.      As required by 28 U.S.C. § 1446(b)(1), Meridian is timely filing this Notice of Removal within 30 days after the receipt by Meridian, through service, of a copy of the initial pleading against it setting forth the claim for relief upon which such action or proceeding is based.

3.      Plaintiff claims generally that Meridian engaged in unlawful debt collection practices, and that it charged collection fees that were not authorized by contract or law. (Complaint at ¶ 19). Plaintiff alleges that she executed an Interval Ownership Contract (the "Contract") and Installment Note with non-party Stormy Point Village – Phase III ("Stormy Point") on or about January 5, 2010, and that the Contract required that Plaintiff pay maintenance fees to Stormy Point's Property Owner's Association (the "POA"). (Id. at ¶¶ 6-7). Plaintiff further alleges that her past due maintenance fees were referred to Meridian for collection by the POA. (Id. at ¶ 9).

4.      Plaintiff alleges that the acts and omissions of Meridian were undertaken willfully, maliciously, intentionally, knowingly, and in gross or reckless disregard of the rights of Plaintiff. (Id. at ¶ 25).  Plaintiff further alleges that the acts and omissions of Meridian were undertaken indiscriminately and persistently, as part of its regular and routine debt collection

---

[1] Plaintiff's Affidavit of Service, attached hereto as Exhibit A-4, reflects a service date of May 10, 2016, but Meridian's records reflect that it was served via hand-delivery on May 1, 2016. For purposes of this Notice of Removal, and for determining the timeliness of its removal under 28 U.S.C. § 1446(b), Meridian will refer to the service date as May 1, 2016.

efforts, and without regard to or consideration of the identity or rights of Plaintiff or other persons who have been objects of its unlawful collection practices. (*Id.* at ¶ 26).

5.     Plaintiff maintains that she has suffered actual damages and injury, including but not limited to the cost of her legal defense to the collection efforts, mental anguish and suffering, emotional distress, intimidation, humiliation, embarrassment, negative impact on credit score, and denied opportunity to use her timeshare unit in an amount to be proven at trial. She also claims that she is entitled to punitive damages. (*Id.* at ¶¶ 27-28).

6.     Plaintiff also asserts class action causes of action in her Complaint for:

   a.   attempting to collect a fee not authorized by the agreement creating the debt, attempting to collect a fee not expressly authorized by Arkansas (or Missouri) law, attempting to collect a fee not recognized by Arkansas (or Missouri) case law, and making a false representation and deceptive means to attempt to collect a consumer debt, all in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(e)(2)(A) and (B) and § 1692(f)(1);

   b.   engaging in unfair collection practices by attempting to collect a fee incidental to the principal obligation not expressly authorized by the agreement creating the debt or permitted by law, and making false representation of the character, amount, or legal status of the debt, or any services rendered or compensation that may be lawfully received by a debt collector for the collection of the debt in violation of the Arkansas Fair Debt Collection Practices Act ("AFDCPA") at Ark. Code Ann. § 17-24-506 and Ark. Code Ann. § 17-24-507. Plaintiff also requests an

4842-3510-1234.1

enhancement of her damages to the extent to which noncompliance with the AFDCPA was intentional and persistent under Ark. Code Ann. § 17-24-512; and

    c.  declaratory judgment and injunctive relief. (Complaint at ¶¶ 32-45).

## THE REQUIREMENTS FOR FEDERAL QUESTION JURISDICTION ARE SATISFIED

7.    This Court's jurisdiction must be assessed by examining the Complaint on its face at the time of filing this Notice of Removal. *See Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 390, 118 S.Ct. 2047, 2053 (1998) ("for purposes of removal jurisdiction, we are to look at the case of the time it was filed in state court") (citation omitted); *McLain v. Anderson Corp.*, 567 F.3d 956, 965 (8th Cir 2009).

8.    This action is subject to removal to this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Plaintiff asserts violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) and is removable because the claim asserted by Plaintiff invokes federal question jurisdiction.

9.    Since this Court has subject matter jurisdiction over Plaintiff's Fair Debt Collection Practices Act under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over the remaining claims because they are part of the same case or controversy. 28 U.S.C. § 1367; *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 125 S. Ct. 2611 (2005).

## PROCEDURAL REQUIREMENTS

15.    <u>Removal to Proper Court</u>. Pursuant to 28 U.S. C. §§ 1441(a) and 1446(a), this Notice of Removal is being filed in the United States District Court of the Eastern District of

Arkansas, which is the federal district court embracing the court where the State Court Action was filed.

16.     <u>Removal is timely.</u>  This Notice of Removal is timely since it is being filed within 30 days after receipt of the Complaint. 28 U.S.C. § 1446(b).

18.     <u>Venue.</u> Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district.

19.     <u>Pleadings and Process.</u> Meridian has attached hereto as exhibits all pleadings, process, or orders from the Circuit Court of Pulaski County, Arkansas, Fifth Division in compliance with 28 U.S.C. § 1446(a). Meridian has paid all fees required by law in connection with this Notice of Removal.

20.     <u>Notice.</u> Contemporaneous with the filing of this Notice of Removal, Meridian is filing a Notice of Filing of the Notice of Removal with the Clerk of the Court of Pulaski County, Fifth Division, pursuant to 28 U.S.C. § 1446(d), a copy of with is attached hereto as Exhibit B.

21.     <u>Consent to Removal.</u>  Meridian is the only defendant in this case, and therefore no other consent is required.

22.     No previous application has been made for the relief requested herein.

23.     Nothing in this Notice of Removal and/or the Notice of Filing of Notice of Removal shall be interpreted as a waiver or relinquishment of Meridian's rights to assert any defenses, including, but not limited to, the defenses of: (1) lack of subject matter jurisdiction (2) lack of personal jurisdiction; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; (6) failure to state a claim upon which relief can be granted; and (7) any other pertinent defenses under federal law.  By virtue of the filing of this Notice of Removal and

the Notice of Filing of Notice of Removal, Meridian expressly reserves, and does not waive, its

right to assert any and all defenses to this action.

24.     Meridian reserves the right to amend or supplement this Notice of Removal.

25.     Based upon the foregoing, this Court has jurisdiction over the matter.

WHEREFORE, Defendant Meridian Financial Services, Inc. removes the above-

captioned matter now pending in the Circuit Court of Pulaski County, Arkansas, Fifth Division,

to the United States District Court for the Eastern District of Arkansas.

Respectfully submitted,

KUTAK ROCK LLP

By:     _____

Ashley Welch Hudson, ABN 07136
Kutak Rock LLP
One Union National Plaza
124 West Capitol Ave., 20th Floor
Little Rock, Arkansas 72201
Main Dial: 501.975.3000
Facsimile: 501.975.3001
ashley.hudson@kutakrock.com

**Attorneys for Defendant Meridian Financial
Services, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2016, I filed the foregoing document with the Clerk of
the Court by using CM/ECF system which will send a Notice of Electronic Filing to those parties
designated with the Court to receive notification and also by U.S. Mail.

Timothy J. Cullen
Cullen & Co., PLLC
P.O. Box 3255
Little Rock, Arkansas 72203
tim@cullenandcompany.com

_____
Ashley Welch Hudson

6

4842-3510-1234 1

# EXHIBIT "A-1"

~~Multiple claims.~~ **Multiple claims.** If a complaint asserts multiple claims which involve different subject matter divisions of the circuit court, the cover sheet for that division which is most definitive of the nature of the case should be selected and completed.

ELECTRONICALLY FILED
Pulaski County Circuit Court
2016-Apr-05  11:16:44
60CV-16-1641
C06D05 : 31 Pages

H  To Save a copy of this form to your
computer, please click "Save" at the top of this page
on the toolbar above.

# COVER SHEET
# STATE OF ARKANSAS
# CIRCUIT COURT:  CIVIL

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are located on the back of the form.

**FILING INFORMATION**

County: PULASKI    District: _____    Docket Number: CV _____

Judge: _____    Division: _____    Filing Date: _____

Plaintiff: SANDRA CARTER and others    Defendant: MERIDIAN FINANCIAL SERVICES, INC.

Attorney Providing Information: TIM CULLEN    P.O. BOX 3255

☒ Plaintiff   ☐ Defendant   ☐ Intervenor    Address

Litigant, if Pro Se: _____    LITTLE ROCK, AR 72203

Related Case(s): Judge _____    Address

Case Number(s) _____

**Type of Case:**

*Torts*
- ☐ (NM) Negligence: Motor Vehicle
- ☐ (NO) Negligence: Other
- ☐ (BF) Bad Faith
- ☐ (FR) Fraud
- ☐ (MP) Malpractice
- ☐ (PL) Product Liability
- ☒ (OD) Other FDCPA

*Contracts*
- ☐ (IS) Insurance
- ☐ (DO) Debt: Open Account
- ☐ (PN) Debt: Promissory Note
- ☐ (EM) Employment
- ☐ (OC) Other _____

*Equity*
- ☐ (FC) Foreclosure
- ☐ (QT) Quiet Title
- ☐ (IJ) Injunction
- ☐ (PT) Partition
- ☐ (OT) Other _____

*Miscellaneous*
- ☐ (CD) Condemnation
- ☐ (RE) Replevin
- ☐ (DJ) Declaratory Judgment
- ☐ (UD) Unlawful Detainer
- ☐ (IN) Incorporation
- ☐ (EL) Election
- ☐ (FJ) Foreign Judgment
- ☐ (WT) Writs _____
- ☐ (AA) Administrative Appeal
- ☐ (CF) Property Forfeiture
- ☐ (RD) Remove Disabilities
- ☐ (NC) Name Change
- ☐ (OM) Other _____

**Jury Trial Requested:** ☒ Yes ☐ No    **Manner of Filing:** ☒ Original ☐ Re-open ☐ Transfer   ☐ Return from Federal/Bankruptcy Court

**DISPOSITION INFORMATION**

Disposition Date: _____    ☐ Bench Trial   ☐ Non-Trial   ☐ Jury Trial

**Judgment Type:**
- ☐ (DJ) Default Judgment
- ☐ (SJ) Summary Judgment
- ☐ (CJ) Consent Judgment
- ☐ (TJ) Trial Judgment
- ☐ (OJ) Other Judgment
- ☐ (PG) Petition Granted
- ☐ (PD) Petition Denied
- ☐ (DF) Decree of Foreclosure

**Dismissal Type:**
- ☐ (DW) Dismissed with Prejudice
- ☐ (DN) Dismissed without Prejudice

**Other:**
- ☐ (TR) Transferred to Another Jurisdiction
- ☐ (RB) Removed to Bankruptcy Court
- ☐ (RF) Removed to Federal Court
- ☐ (AR) Arbitration

**Judgment For:**
☐ Plaintiff   ☐ Defendant   ☐ Both    Judgment Amount:  $ _____

Clerk's Signature _____    Date _____

AOC 23  10-01
625 Marshall Street
Little Rock, AR 72201

Send 1 paper or electronic copy to AOC upon filing
Send 1 paper or electronic copy to AOC upon disposition
Keep original in court file

**Effective 1-1-2002**

# EXHIBIT "A-2"

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Apr-05  11:16:44
60CV-16-1941
C06D05 : 9 Pages

### IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

SANDRA CARTER, on behalf of herself                                     **Plaintiff**
and all other similarly situated individuals

vs.                                    Case No._____

MERIDIAN FINANCIAL SERVICES, INC.                          **Defendant**

### CLASS ACTION COMPLAINT

Sandra Carter, for her class action complaint, states:

#### Parties, Jurisdiction, and Venue

1.     Plaintiff is a resident of Pulaski County, Arkansas.

2.     Defendant is a foreign for-profit corporation duly registered and in good standing with the Arkansas Secretary of State.

3.     Defendant's registered agent for service of process is Corporate Creations Network, Inc., 609 SW 8th Street, #600, Bentonville, AR 72712.

4.     Defendant is a debt collector and is engaged in collection of consumer debts in the State of Arkansas and in other states.

5.     Jurisdiction lies with this court, and venue is proper.

#### Facts Common To All Counts

6.     Plaintiff executed an Interval Ownership Contract and Installment Note with Stormy Point Village – Phase III ("Stormy Point Contract") on or about January 5, 2010.   That contract is attached as Exhibit 1 and incorporated by reference.

1

7.     The Stormy Point Contract requires Plaintiff to pay maintenance fees to the Stormy Point Village – Phase III Property Owners Association (hereinafter, "the POA"). Ex. 1 at paragraph 2.

8.     The POA referred past-due maintenance fees to Meridian Financial Services, Inc. (hereinafter, "Meridian") for collection.

9.     Plaintiff was not properly notified that her maintenance fees were past due; however, the POA referred Plaintiff's maintenance fees to Meridian for collection.

10.    Between July 26, 2013 and May 18, 2015, Meridian contacted Plaintiff on a regular basis, in writing and by telephone.

11.    Plaintiff disputed that her maintenance fees were past due, and disputed the amount, but Meridian continued collection efforts while Plaintiff's dispute was pending.

12.    Plaintiff filed a complaint with the Consumer Financial Protection Bureau (CFPB), an agency of the federal government.

13.    Meridian failed to timely respond to Plaintiff's CFPB complaint.

14.    Among her complaints to the CFPB, Plaintiff objected to Meridian adding a substantial collection fee to the claimed balance.

15.    Attached as Exhibit 2 and incorporated by reference is a collection letter from Meridian to Plaintiff dated May 18, 2015.   It demands payment of $1,364.72.

16.    The Meridian collection letter at Ex. 2 includes a substantial collection fee in addition to the disputed past-due balance.

2

17.     Meridian has admitted that a collection fee was added.   See Exhibit 3, December 23, 2015 Letter from Meridian at para. 4.

18.     In Ex. 3, Meridian claims the collection fee is authorized by POA policy.

19.     The Stormy Point Contract at Ex. 1 does not contain any provision for adding collection fees for delinquent maintenance fees.

20.     The Assessment Billing and Collection Policy (Attached as Exhibit 4 and incorporated by reference) is not a part of the Stormy Point Contract.

21.     At the time of closing and signing on the Stormy Point Contract, Plaintiff was not advised of any "Assessment Billing and Collection Policy" for the POA.

22.     The "Assessment Billing and Collection Policy" was never signed by Plaintiff evidencing her review or approval.

23.     Even after notice from Plaintiff by way of her CFPB complaint that she objected to the added collection fee based on no contractual authority to add such a fee, Meridian persisted in claiming the collection fee, in addition to the disputed principal balance, was due.

24.     The foregoing acts and omissions were undertaken on behalf of Defendant by its officers, agents or employees acting at all times relevant hereto within the scope of that relationship.

25.     The foregoing acts and omissions of Defendant were undertaken by it willfully, maliciously, intentionally, knowingly, and in gross or reckless disregard of the rights of Plaintiff.

3

26.     Indeed, the foregoing acts and omissions of Defendant were undertaken by it indiscriminately and persistently, as part of its regular and routine debt collection efforts, and without regard to or consideration of the identity or rights of Plaintiff or other persons who have been the objects of its unlawful collection practices.

27.     As a proximate result of the foregoing acts and omissions of Defendant, Plaintiff has suffered actual damages and injury, including, but not limited to, the cost of her legal defense to the collection efforts, mental anguish and suffering, emotional distress, intimidation, humiliation, embarrassment, negative impact on credit score, and denied opportunity to use her timeshare unit, for which she should be compensated in an amount to be proven at trial.

28.     As a result of the foregoing acts and omissions of Defendant, and in order to punish it for its outrageous and unlawful conduct as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

## CLASS

29.     This action is maintained as a class action on behalf of the following described class:  all consumers residing in Arkansas who, commencing one year before the date of filing of this *Complaint*, have been or will be the objects of Defendant's unlawful debt collection practices, specifically, consumers who were charged collection fees that were not authorized by contract or law.

30.     This action is appropriately maintained as a class action as the class is so numerous that joinder of all members is impracticable, there are questions of law

or fact common to the class, the claims of the representative party are typical of the claims of the class, and the representative party will fairly and adequately protect the interests of the class; in addition, Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

31.     Unless Defendant is enjoined and restrained from continuing the foregoing illegal practices, Plaintiff and the class whom she represents will suffer substantial and irreparable injury for which they have no adequate remedy at law.

## CAUSES OF ACTION

### Count 1 – FDCPA Violations

32.     Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

33.     Meridian Financial Services, Inc. is licensed as an Arkansas collection agency.

34.     Meridian Financial Services, Inc. regularly collects and attempts to collect consumer debts in Arkansas from Arkansas residents, and residents of other states.

35.     The collection fee added to Plaintiff's account by Meridian violates the FDCPA, 15 U.S.C. §§ 1692e(2)(A) and (B) and 1692f(1), in four ways:

(A) the collection fee is not authorized by the agreement creating the

debt;

(B) the fee is not expressly authorized by Arkansas (or Missouri) law;

(C) the fee is not recognized by Arkansas (or Missouri) case law; and

(D) Defendant's demand for the collection fee is a false representation

and deceptive means to attempt to collect a consumer debt.

36.     Plaintiff is entitled to actual damages, statutory damages, attorneys'

fees, and court costs.   Plaintiff's damages should be enhanced to the extent to which

the noncompliance was intentional and persistent (even after notice of the violation

in the CFPB proceedings).

37.     Plaintiff is entitled to punitive damages against Meridian for their

knowing and willful illegal conduct as described above.

## Count 2 – State Law Violations

38.     The Arkansas Fair Debt Collection Practices Act defines as an unfair

collection practice in violation of Arkansas law: "(1) The collection of an amount,

including interest, a fee, a charge, or an expense incidental to the principal

obligation unless the amount is expressly authorized by the agreement creating the

debt or permitted by law;" Ark. Code Ann. § 17-24-507 (West).

39.     The Arkansas Fair Debt Collection Practices Act also forbids "(2) The

false representation of:

(A)     The character, amount, or legal status of a debt; or

(B)     Any services rendered or compensation that may be lawfully received

by a debt collector for the collection of a debt;

6

Ark. Code Ann. § 17-24-506 (West).

40.     The actions of Meridian described above (adding a collection fee that is not authorized by the agreement creating the debt, or otherwise authorized by Arkansas law) are in violation of the Arkansas Fair Debt Collection Practices Act as both an unfair collection practice and false and misleading representations regarding the amount of the debt.

41.     Plaintiff is entitled to actual damages, statutory damages, attorney fees, and court costs.   Plaintiff's damages should be enhanced to the extent to which the noncompliance was intentional and persistent (even after notice of the violation in the CFPB proceedings).  Ark. Code Ann. § 17-24-512 (West).

42.     Plaintiff is entitled to punitive damages against Meridian for their knowing and willful illegal conduct as described above.

**Count 3 – Declaratory Judgment and Injunctive Relief**

43.     Plaintiff prays for a declaratory judgment that Meridian's practice of adding unauthorized collection fees to consumer collection accounts violates State and Federal law.

44.     Plaintiff prays for a permanent injunction enjoining Meridian from adding unauthorized collection fees to consumer collection accounts.

45.     Plaintiff prays for equitable disgorgement of all fees collected in violation of applicable law.

46.     Plaintiff requests a jury trial on all issues triable to a jury.

WHEREFORE, premises considered, Plaintiff Sandra Carter, individually and on behalf of a class of similarly situated consumers with collection accounts with Defendant Meridian Financial Services, Inc., prays for the following relief:

A. Entry of an order certifying this action as a class action.

B. Entry of an order for declaratory judgment and injunctive relief finding the foregoing conduct of Defendant to be unlawful, enjoining Defendant from continuing to engage in such conduct, and granting additional equitable relief as may be appropriate, including ordering Defendant to disgorge all ill-gotten and illegally obtained sums collected as a result of its unlawful conduct.

C. Judgment for actual damages.

D. Judgment for punitive damages.

E. Judgment for statutory damages.

F. Judgment for treble damages.

G. Judgment for reasonable attorneys' fees.

H. Judgment for all costs incurred

I. All other relief deemed just and proper.

Respectfully submitted:

SANDRA CARTER, Plaintiff
On behalf of herself and other
similarly-situated consumers

By:     /s/ Tim Cullen
        Tim Cullen, Ark. Bar No. 97062
        CULLEN & CO., PLLC
        P.O. Box 3255
        Little Rock, AR 72203
        Phone: (501) 370-4800

Fax: (501) 370-9198
Email: tim@cullenandcompany.com


Exhibit 1        Stormy Point Contract

Exhibit 2        May 18, 2015 Collection Letter

Exhibit 3        December 23, 2015 Letter from Meridian

Exhibit 4        Assessment Billing and Collection Policy

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Apr-05 11:16:44
60CV-16-1941
C06D05 : 3 Pages

**STORMY POINT VILLAGE—PHASE III**
**INTERVAL OWNERSHIP CONTRACT AND INSTALLMENT NOTE**
Contract #48369

THIS AGREEMENT is executed at Branson, Missouri, on this **January 5, 2010** by and between VPG PARTNERS VI, LLC, a Missouri limited liability company, whose address is 3179 N. Gretna Road, Branson, Missouri, 65616, hereinafter referred to as "SELLER," and the buyer(s) set forth below, hereinafter referred to collectively as "BUYER."

| Name | Social Security No. | Address | Telephone No. |
|---|---|---|---|
| Sandra Carter | ███████ | 14104 Smalling Road North Little Rock ,AR, 72118 | 50█ |
| | | | 50█ |
| Robert S. Carter | ███████ | 14104 Smalling Road North Little Rock, AR 72118 | 501█ |
| | | | 501█ |

**W I T N E S S E T H :**

SELLER does hereby agree to sell, and BUYER agrees to purchase, for the purchase price of $   8,900.00, together with the interest and closing costs as hereinafter provided, the following described Unit Week(s) (the "Unit Week") in Stormy Point Village--Phase III, Stone County, Missouri, pursuant to that Declaration of Covenants and Restrictions for Stormy Point Village--Phase III (the "Declaration of Covenants and Restrictions") and plat which will be or have been filed of record in Stone County, Missouri, subject to all terms, conditions and provisions contained in the Declaration of Covenants and Restrictions and all modifications and amendments thereto, which have been or shall subsequently be filed of record and which shall apply to said property and govern the usage rights related to same, upon the following terms and conditions. BUYER agrees to either pay cash for the purchase described herein or agrees to finance said purchase pursuant to the provisions of the below referenced installment note.

**Stormy Point Village—Phase III, Stone County, Missouri**
Unit No.:151  Week No.3  Season: Yellow    First Year Use: 2013    Usage Type: Triennial-C
The usage rights, terms, conditions, and boundaries of which are further defined in the Declaration of Covenants and Restrictions applicable thereto.

1.   INSTALLMENT NOTE.  For value received, BUYER(S), jointly and severally, promise to pay to the order of VPG PARTNERS VI, LLC, or its successors or assigns, the sum of $8010.00, together with interest at the annual rate of 15.9%, payable over 84 installments at $     158.64 per month, beginning August 15, 2010, and on the same day of each successive payment period thereafter until the whole amount is fully paid. Payments are applied first to late fees and expenses, then to interest, then to reduce the principal balance due. Interest will begin to accrue one (1) payment period before the first installment is due but, in no event, prior to the date of this Agreement. All provisions contained herein shall survive the execution and delivery of the applicable Warranty Deed. This Note is given for the purchase of the Unit Week(s) described above.  SELLER shall retain title to the subject property as security for the unpaid balance of the purchase price and, at such point in time, will deed title to BUYER.  This Note is a purchase money note subject to the provisions of Missouri law.

| | | | | | |
|---|---|---|---|---|---|
| 1  Purchase Price | $ | 8,900.00 | 4. Initial Down Payment | $ | 300.00 |
| | | | 5. Additional Down Payment due by   7/5/10 | $ | 1,024.60 |
| | | | 6. Equity from upgrade of: | $ | 0.00 |
| | | | Unit , Season , Usage | | |
| 2. Enrollment Fee | $ | 434.00 | Unit , Season , Usage | | |
| | | | 7. Total Credits (Sum of Items 4, 5 and 6) | $ | 1,324.60 |
| 3  Total Amount Due (Sum of Items 1 and 2) | $ | 9,334.00 | 8. Total Unpaid Balance (Item 3 minus Item 7) | $ | 8,010.00 |

The following is BUYER'S "Truth-in-Lending Disclosure Statement.  /  "VPG PARTNERS VI, LLC is the "Creditor."

| ANNUAL PERCENTAGE RATE The cost of your credit at a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided you or on your behalf. | Total of Payments The amount you will have paid after you have made payments as scheduled. | Total Sales Price The total cost of your purchase on credit including your down payment of $890.00 |
|---|---|---|---|---|
| 15.9% | 5,315.60 | 8010.00 | 13,325.60 | 13,325.60 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 84 | 158.64 | Monthly, beginning August 15, 2010 |

SECURITY: You are giving a security interest in the Property being purchased.

LATE FEES & COLLECTION FEES:  If any payment or part of a payment is not paid within ten (10) days after it is due, you will be assessed a late fee of $25.00, plus the costs incurred by us in connection with checks that are returned due to insufficient funds.

PREPAYMENT:  If you pay off early, you will not have to pay a penalty.

"n/a" means "not applicable"; "e" means "estimate."

BUYER(S) should refer to the remaining provisions of this "Interval Ownership Contract and Installment Note" as contained on the following pages hereof for additional information about non-payment, default, any required repayment in full before the scheduled date, and pre-payment refunds and penalties.

The interest rate applicable to your purchase may have been set based upon your participation in our automatic debit program.  If you choose to participate in this program but subsequently cancel or terminate your participation in this program, then we will increase the interest rate applicable to your purchase by 2%. This interest rate adjustment will increase your monthly payments. We will provide you with the amount of your new payment at your request or when such an adjustment occurs.

**ITEMIZATION OF THE AMOUNT FINANCED:**
$     8,010.00     Amount of credit provided to you or credited to your account.

THIS AGREEMENT is subject to the terms and conditions set forth on the following pages, which by reference are made a part hereof. Receipt of a completed copy of this Agreement is hereby acknowledged by BUYER(S) prior to the execution of this Agreement. The provisions of this Agreement shall survive the delivery of that warranty deed referenced hereinafter and shall continue in full force and effect until all financial obligations of BUYER as set forth herein have been paid in full. IN WITNESS WHEREOF, the parties hereto set their respective hands and seals on the day and year first above written.

BUYER(S): _Sandra Carter_                    SELLER: VPG PARTNERS VI, LLC

_____                    By: _____
                                         Authorized Representative of Seller
                                     Dated: January 5, 2010

SPV-Contract Agreement & Installment Note 12-6-2008                    Contract #48369

2.   ASSOCIATION MEMBERSHIP; MAINTENANCE FEES  As a result of BUYER'S purchase of the Unit Week, BUYER shall automatically become a member of the Stormy Point Village—Phase III Property Owners Association (the "Association"), and BUYER shall be responsible as a Unit Week Purchaser for BUYER'S share of common expenses, special and regular assessments, the maintenance fee, and any and all other expenses incurred in the operation of the Association. The Association shall be responsible for the maintenance and upkeep of the common areas that pertain to the subject property and has entered into a management agreement with SELLER, or an affiliate of SELLER, under which said maintenance and upkeep is to be performed.  The initial annual maintenance fee, which shall include BUYER'S portion of the common expenses, shall be $     469.00 per Unit Week purchased by BUYER hereunder, which fee shall be remitted to the Association or its designated agent, however, if BUYER shall utilize BUYER'S Unit Week prior to said date or borrow future usage of any Unit Week, the maintenance fee for the Unit Week shall be payable contemporaneously with the usage booking and in advance of such use  The maintenance fee, which shall be subject to change, based on Unit Week type, shall be an obligation that is payable by BUYER in addition to the purchase price or payment set forth above.

3.   FLEX TIME USAGE. The rights of BUYER to use, occupy, and possess BUYER'S Unit Week are subject to the terms and conditions of those mandatory flexible time usage rules that are contained in the Declaration of Covenants and Restrictions, as modified, amended and supplemented from time to time (collectively, the "Flex Time Usage Rules").  BUYER acknowledges that BUYER understands the Flex Time Usage Rules and recognizes that SELLER reserves the right to modify or amend the Flex Time Usage Rules under circumstances described therein  Among other things, SELLER understands that accommodations usage shall only occur on a "first-requested, first-confirmed" basis and pursuant to those reservations rules that SELLER has adopted and may modify from time to time.

4.   UNIT WEEK.  Unit Week No  1 is the seven (7) days commencing on the first Sunday in each year  Unit Week No. 2 is the seven (7) days succeeding  Additional weeks up to and including Unit Week No  51 are computed in a like manner.  Unit Week No. 52 contains the seven (7) days succeeding Unit Week No  51 plus any excess days not otherwise assigned and without regard to the month or year  BUYER'S Unit Week shall run from four o'clock (4:00) p m  on the first Sunday thereof to four o'clock (4:00) p.m  on the last Sunday thereof provided, however, BUYER does hereby agree to relinquish occupancy for the last six (6) hour period of his Unit Week [from ten o'clock (10:00) a.m. until four o'clock (4:00) p.m. on Sunday to allow for cleaning, repairs, maintenance, and any other preparation needed for the occupancy of the next Unit Week  Biennial Unit Weeks shall be used in those years identified on the first page hereof and subject to the usage rules and regulations set forth in the Declaration of Covenants and Restrictions  The Developer reserves the right in the Declaration to unilaterally change the days of week upon which certain Unit Weeks start and terminate in order to facilitate maintenance and housekeeping efforts to weeks that run Friday-to-Friday, Saturday-to-Saturday, or Sunday-to-Sunday  Unit Week Purchasers shall be informed of any such changes at the time that accommodations reservations are requested.

5.   CONSTRUCTION OF UNITS. BUYER understands and acknowledges that completion of construction of the improvement on that real property that is the subject of this Agreement may not yet have occurred.  SELLER agrees, subject to the provisions of this Agreement and excepting delays caused by strikes, inability to obtain labor or material, governmental restriction, enemy action, civil commotion, fire, acts of God, and delays caused by conditions beyond SELLER'S control, to use its best efforts to complete construction of and obtain a Certificate of Occupancy for the Unit described herein within one (1) year from the date of this Agreement  In any event, SELLER agrees to complete the Unit described above within two (2) years from the date of this Agreement.

6.   CLOSING AND TITLE. Title to the subject Unit Week shall be retained by SELLER as security and collateral for the performance of BUYER'S financial obligations set forth herein.  Upon BUYER'S fulfillment of all such financial obligations, SELLER shall deliver or cause to be delivered a special warranty deed to BUYER that will vest in BUYER title to the subject Unit Week subject to the Declaration of Covenants and Restrictions, plat, and all other matters of record  Until remedied in full, SELLER reserves the right to withhold delivery of the subject deed should BUYER be delinquent in the payment of Association maintenance fees and dues, as such payment obligations are set forth in the Declaration of Covenants and Restrictions  The terms and conditions of this Agreement shall survive the delivery of title to the property described herein

7.   DEFAULT. All payments shall be made on or before the due date to SELLER in Branson, Missouri, or at such other place and to such authorized agent as SELLER may designate  If BUYER shall be in default for a period of thirty (30) days in the payment of any periodic installment [forty-five (45) days if BUYER has paid more than fifty percent (50%) of the principal amount owed hereunder], SELLER may, at its option: (1) terminate this Agreement by mailing to BUYER notice of its intention to do so (including in said notice the amount then due under the Agreement and the expiration of the grace period), sent by registered or certified mail, if, within thirty (30) days after SELLER so mails such notice, BUYER does not pay in full all installments then in default (a) all rights of BUYER hereunder in and to the Unit Week(s) described in this Agreement, including all reservation rights, shall cease and terminate, and (b) all payments made on account of the purchase price  including interest, may be retained by SELLER as liquidated damages for breach of this Agreement, or (2) declare the entire remaining unpaid balance of the purchase price, plus accrued interest thereon, due and payable and pursue all other rights and remedies available to SELLER either at law or in equity  Failure to exercise any option shall not constitute a waiver of the right to exercise same in the event default shall continue or again occur.  In the event this Agreement is recorded and BUYER is in default, BUYER specifically authorizes SELLER to file a Certificate of Default in the Recorder's Office for Stone County, Missouri, thereby terminating all of BUYER'S right, title, and interest to the property, which notice may be relied upon by all subsequent purchasers.  If any payment due hereunder is not paid within ten (10) days after it is due, BUYER agrees to be assessed and to pay a late fee of $25.00, plus any depository institution charge on all returned checks

8.   BUYER'S ACKNOWLEDGEMENTS. BUYER ACKNOWLEDGES THAT A COPY OF THE DECLARATION OF COVENANTS AND RESTRICTIONS AND BYLAWS OF THE ASSOCIATION ARE IN THE OFFICE OF SELLER FOR INSPECTION.  BUYER, BY HIS EXECUTION OF THIS AGREEMENT, DOES REPRESENT THAT HE IS OF LEGAL AGE AND THAT HE HAS RECEIVED A COPY OF THIS AGREEMENT AND UNDERSTANDS ITS CONDITIONS.  BUYER HAS FURTHER AGREED THAT THIS UNIT WILL NOT BE USED AS HIS PRINCIPAL RESIDENCE.  BUYER DOES FURTHER ACKNOWLEDGE, AGREE, AND WARRANT THAT THE PURCHASE OF THIS UNIT WEEK IS MADE FOR HIS PERSONAL USE AND THAT THERE HAVE BEEN NO REPRESENTATIONS CONCERNING RENTALS, RENT, RESALE, RETURNS, TAX ADVANTAGES, DEPRECIATION OR INVESTMENT POTENTIAL, OR OTHER MONETARY OR FINANCIAL ADVANTAGES AND THAT NONE OF SUCH THINGS HAVE BEEN REPRESENTED TO HIM BY SELLER, ITS AGENTS, EMPLOYEES, OR ASSOCIATES.  BUYER COVENANTS AND AGREES TO BE BOUND BY THE PROVISIONS OF THIS AGREEMENT AND ALL DOCUMENTS REFERENCED HEREIN.

9.   MODIFICATIONS AND CHANGES. SELLER reserves the right to make changes in the Declaration of Covenants and Restrictions and Association Bylaws for the purpose of correcting errors in the preparation and filing of all documents relating to the subject property and pursuant to those amendment rights otherwise reserved to SELLER therein.  In addition, SELLER may add additional properties and Unit Weeks to the subject project by filing appropriate plats and amendments to reflect the additional properties.  As additional properties are added, each Unit Week Purchaser's percentage of ownership in the common elements and common surplus, as defined in the Declaration of Covenants and Restrictions, is subject to change.

10.  EXCHANGE PROGRAM. SELLER has entered into an agreement with a third-party exchange company (the "Exchange Company") under which BUYER may temporarily exchange his accommodation rights and usage hereunder for accommodations usage at affiliated resorts in the United States and around the world.  BUYER'S right to access this exchange opportunity is voluntary and is subject to BUYER'S payment of membership and usage fees to the Exchange Company.  SELLER makes no representations concerning the current or future ability of the Exchange Company to timely perform, as represented in the Exchange Company's literature, or as to the availability or quality of Exchange Company accommodations.

11.  TIME IS OF THE ESSENCE. Time is of the essence in connection with BUYER'S performance of its financial and other obligations hereunder.

12.  SURVIVAL OF AGREEMENT; ASSIGNMENT. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, successors, and assigns; and the provisions of this Agreement shall survive the delivery of a deed to BUYER.  SELLER shall have the right to assign this Agreement to any third party at any time absent the consent of BUYER, and BUYER agrees to be bound by any such assignment to the same extent as BUYER would otherwise be bound to SELLER.  This Agreement will supersede any and all understandings and agreements between the parties hereto, and it is mutually understood and agreed that this Agreement represents the entire Agreement between the parties hereto and that no representations or inducements prior hereto, which are not included in and embodied in this Agreement, shall be of any force and effect and that this Agreement may only be amended or modified by an instrument, in writing, between the parties.

13.  SEVERABILITY; CHOICE OF LAWS. The terms and conditions of this Agreement are hereby agreed to be independent and severable and, in the event that any provision hereof shall be deemed invalid or unenforceable, then it is agreed that such determination shall not otherwise damage or disturb the enforceability of the remaining provisions of this Agreement.  This Agreement shall be construed solely in accordance with the laws of the State of Missouri

14.  MANDATORY ARBITRATION. SELLER and BUYER both agree that, except for actions to collect sums due hereunder, any and all disputes and controversies that might arise out of the interpretation or enforcement of this Agreement shall be resolved exclusively through mandatory arbitration administered by and under the rules of the Better Business Bureau of Southwest Missouri, and that any decision rendered through such arbitration shall have the same force and effect as a final judgment and/or decree.  Should the Better Business Bureau cease operations or refuse participation, then all arbitrations hereunder shall be administered by the American Arbitration Association pursuant to its applicable rules and regulations.  BUYER agrees that this provision shall preclude BUYER'S use of litigation as a means of resolving any dispute hereunder.  With regard to any action that SELLER or its assigns might bring against BUYER to collect any sums evidenced hereby or due hereunder, SELLER, or its assigns, reserves the right to pursue such actions through either mandatory arbitration or traditional litigation in a court of competent jurisdiction in Stone County, Missouri, as SELLER might decide and determine in its sole discretion

15.  UPGRADES; REVISIONS. Should BUYER ever upgrade, transfer, or exchange BUYER'S ownership in the subject Unit Week for another Unit Week, BUYER agrees to execute any and all documents that SELLER may require in order to accomplish said goal. Notwithstanding the execution of such documents, this Agreement shall continue in full force and effect and continue to be binding upon BUYER until all rescission periods associated with such transaction pass and until SELLER otherwise expressly terminates this Agreement in writing.

16.  FIRST RIGHT OF RESALE REFUSAL. Should BUYER desire to resell or otherwise convey BUYER'S Unit Week to any third party, BUYER shall first offer the Unit Week to SELLER at a price and pursuant to those terms that BUYER otherwise proposes to sell said Unit Week to said third party. BUYER shall notify SELLER of such sale, in writing, and shall include all third-party sale and purchase agreements. Upon receipt, SELLER shall have a thirty (30) day period of time in which to review and accept or reject SELLER'S purchase right as reserved herein. Should SELLER desire to exercise its right to purchase as reserved hereunder, SELLER shall set a closing date that will not be more than forty-five (45) days after the date upon which SELLER received notice of the pending sale. Any purported transfers by BUYER that do not comply with the express provisions of this paragraph shall be deemed not enforceable, and the Association will not recognize the purported transferee as an owner, and said party shall not have the right to reserve accommodations usage. The provisions of this paragraph are expressly intended to survive the closing and delivery of deed and shall be binding upon BUYER and BUYER'S successors and assigns.

17.  COLLATERAL PACKAGE. Should BUYER properly cancel this Agreement during the rescission period referenced, and should BUYER return to SELLER all collateral material that was delivered to BUYER by SELLER during such period, then SELLER shall refund to BUYER all down payment and other funds paid by BUYER at the time of the execution of this Agreement. Should, however, BUYER fail to return to SELLER all such collateral materials during the rescission period, then SELLER shall have the right to retain that enrollment fee identified on the first page hereof as reimbursement for the costs of the production of such collateral materials

18.  MAINTENANCE FEE DEFAULT. BUYER hereby grants to the Association's board of directors the BUYER'S limited power of attorney, coupled with an interest, that authorizes and empowers the Association, when and if the BUYER fails to pay when due those Assessments and/or Maintenance Fees due hereunder, with the right to file of record a quitclaim deed pursuant to which the Unit Owner's interest in and to the BUYER 's Unit Week shall be deeded back to the Association in lieu of the Association's filing of a foreclosure action against the BUYER.

19.  NO PETS. BUYER is expressly prohibited from bringing or housing any pets with him during his Unit Week or at any other time during which BUYER may visit or be housed at the subject resort.

20.  MISCELLANEOUS. The captions used in this Agreement are for informational purposes only.  BUYER is strongly advised to read carefully each and every paragraph of this Agreement, and not merely the captions alone.  In executing this Agreement, BUYER acknowledges receiving a copy of that Truth-In-Lending Disclosure Statement contained on the first page hereof that has been completely filled in.  Receipt of a fully completed copy of this Agreement is hereby acknowledged

BUYER(S):  _Sandra Carter_____     SELLER: VPG PARTNERS VI, LLC
           Sandra Carter

           _Robert S. Carter_____     By: _Richard J. Anderson_____
           Robert S. Carter

                                        Authorized Representative of Seller
                                        Dated:  January  5, 2010

## ACKNOWLEDGMENT

STATE OF MISSOURI
COUNTY OF TANEY

    I HEREBY CERTIFY that on this day before me, the undersigned Notary Public, duly commissioned, qualified, and acting within and for said County and State, personally appeared _Richard Anderson_____, authorized representative of VPG PARTNERS VI, LLC, to me well known to be the person described in and who executed the foregoing Contract for the purposes therein expressed as the act and deed of said Corporation.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal in said County and State this January  5, 2010

DONALD LUPER
Notary Public - Notary Seal
State of Missouri
Commissioned for Stone County
My Commission Expires: March 02, 2012
Commission Number: 08492586

(SEAL)                                   _____
                                         Donald Luper  -  Notary Public
                                         My Commission Expires: _3-2-12____

## ACKNOWLEDGMENT

STATE OF MISSOURI
COUNTY OF TANEY

    On this January  5, 2010, before me, the undersigned Notary Public, duly commissioned, qualified, and acting within and for said County and State, appeared in person Sandra Carter, Robert S. Carter, and stated that they had executed the foregoing Contract for the consideration and purposes therein mentioned and set forth, and I do hereby so certify.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal in said County and State this January  5, 2010

DONALD LUPER
Notary Public - Notary Seal
State of Missouri
Commissioned for Stone County
My Commission Expires: March 02, 2012
Commission Number: 08492586

(SEAL)                                   _____
                                         Donald Luper  -  Notary Public
                                         My Commission Expires: _3-2-12____

MERIDIAN FINANCIAL SERVICES, INC
P.O. BOX 1410
ASHEVILLE, NC 28802-1410

MERIDIAN FINANCIAL SERVICES, INC
1636 Hendersonville Rd Ste 145
Asheville, NC 28803
Telephone: 828-365-1084 / 800-849-1236
N.C. Department of Insurance Permit #101641
This is being sent to you by a collection agency

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Apr-05  11:16:44
60CV-15-1941
C06D05:101641



May 18, 2015

ıldııl·ıl·ıııııı·ll·lllılıllıııı·l·ll·llıl·llıllıll
50 ▲ 000918
Sandra  Carter
14104 Smalling Rd
N Little Rock AR 72118-1580

Your Account with:
STORMY POINT VILLAGE - PHASE I
ACCT #:          SPV-151-03-TC
ACCT. MGR:     A. PLYLER
TELEPHONE:     800-849-1236 X6709

**TOTAL DUE:**    **$1364.72**
                 In U.S. Dollars

Notice - - - - This account has been assigned to our agency for collections.
**************

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Office hours:  Mon - Thurs 9 AM - 11 PM EST; Fri 8:30 AM - 8:30 PM EST; Sat 8:30 - 2 PM EST

***THERE WILL BE A $25.00 SERVICE CHARGE FOR ALL CHECKS RETURNED UNPAID***
**TO MAKE PAYMENT ONLINE, PLEASE VISIT US AT:  www.pay-meridian.com**

**This is an attempt to collect a debt.**                    **This communication is from a debt collector.**
**Any information obtained will be used for that purpose.**

**PLEASE ENCLOSE THIS PORTION WITH YOUR PAYMENT**

B81938--101428
MERIDIAN FINANCIAL SERVICES, INC
P.O. BOX 1410
ASHEVILLE, NC 28802-1410

STORMY POINT VILLAGE - PHASE I
ACCT #:          SPV-151-03-TC
**TOTAL DUE:  $1364.72**

All amounts are shown in U.S. funds.

Sandra    Carter
14104 Smalling Rd
N Little Rock AR 72118-1580

SPV-151-03-TC    50

MERIDIAN FINANCIAL SERVICES, INC
P.O. BOX 1410
ASHEVILLE, NC 28802-1410

********** PLEASE WRITE ACCOUNT NUMBER ON CHECK **********



**MERIDIAN**
financial services

YOUR
RECEIVABLES
RECOVERY
EXPERTS

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Apr-05 11:16:44
60CV-16-1941
C06D05 : 1 Page

December 23, 2015

Tim Cullen, Esq.
Cullen & Co., PLLC
P.O. Box 3255
Little Rock, AR 72203

**FOR: Sandra Carter**

RE:  Client: Stormy Point Village                Account #: SPV-151-03-TC
     Meridian Account #:B81938                    Amount Due: $1,364.72

Dear Mr. Cullen:

*We are a professional collection agency. This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.*

Thank you for the opportunity to respond to the concerns expressed by Ms. Carter. Meridian Financial Services, Inc. received Ms. Carter's account from our client, Stormy Point Village Phase II Property Owners Association, Inc., on July 25, 2013, for past due 2013 Maintenance Fees.  On May 15, 2015 we received an additional balance update for 2014-2015 Maintenance Fees as she is the owner of a "Tri-Annual" (Tri-C) timeshare interest.  Tri-annual ownership means that the owner has access to one usage week, every third calendar year.

Upon researching Ms. Carter's claims I was informed by our client that its Board of Directors believed it to be in the best interest of all owners to prorate assessments to assist in off-setting annual costs. Beginning in 2012, all Tri-C Owners had an adjusted assessment due representing 1/3rd of the full assessments that would be due for the next full year of usage (2016).  The balances that were forwarded to Meridian in 2015 were part of this assessment.  Per the attached letters from our client's President and Board of Directors, Ms. Carter was informed of this change in procedure in 2010, 2012, and 2014.

Regarding the assessment of additional collection fees, please note that the same Board of Directors has adopted the attached "Assessment Billing and Collection Policy" that provides for assessment of collection fees.

The balance on the account as of today's date is $1,364.72.  At this time we are able to offer Ms. Carter a settlement in the amount of $1,023.54 representing outstanding maintenance fees.  Also, as a gesture of good faith, once the amount is paid in full we will remove the items from Ms. Carter's credit report.

Payments can be made over the phone via check or debit/credit card, online, or through the mail. Should you have additional questions, I can be contacted at (828) 575-9564 ext. 6707.

Sincerely,

Sara D. Disher
Compliance Coordinator

**N.C. Department of Insurance Permit #101651**

## Stormy Point Village - Phase III Property Owners Association, Inc.

### Assessment Billing and Collection Policy

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Apr-05 11:16:44
60CV-16-1941
C06D05 : 1 Page

The following is the Assessment Billing and Collection policy adopted by your board of directors.

**NOTE:** "Assessments" means that amount determined by the board of directors as an Association member's fair share of the resort operating and reserve costs in any given year. Assessments also means any personal charges as defined in the Association's declaration which remain unpaid for at least 30 days.

**Billing Date:** In late October or early November of each year you will be mailed a statement for the next year's assessment. Payment is due January 1 and delinquent January 31.

> **NOTE: At the time of check-in or before the association will confirm your week for exchange purposes, you must pay the entire use year's assessment in full.**

**Due Date:** You must remit payment by January 31 or your account becomes delinquent.

**Late Fee:** If payment is not made by January 31, a late fee of 15% will be added to your account.

**Delinquency:** If your account becomes delinquent, your reservation privileges and your right to vote in any Association election are suspended. Any reservations in your name, whether confirmed or not, will be canceled. Your reservation privileges and your right to vote will be restored upon payment in full of your account balance.

If your account remains delinquent for thirty (30) days, on March 1 a $135.00 collection fee may be added to your account.

On March 1 a final assessment notice including all penalties, fees, and interest, to date will be sent by certified mail, return receipt requested. You must pay all charges in full to have your occupancy privilege and voting rights reinstated. Open Use Weeks resulting from delinquency become available for use by the Association or others requesting space at the resort. Consequently, there is no guarantee you will receive a confirmed reservation or exchange after you have brought your account current.

In March, the board of directors may, at its discretion, submit delinquent accounts to an attorney for formal notification of default and demand for payment which may result in foreclosure and loss of ownership. In that event, a $100.00 legal fee will be added to your delinquent account balance.

With respect to delinquent accounts, the board of directors may, at its discretion, request any or all of the following actions. Cost of each action, as shown, will be added to the delinquent account:

1.  Engagement of a professional collection agency (Fees may be as much as 40% of the delinquent account balance and will be assessed by the collection agency)
2.  Pre-notification and subsequent recording of an assessment lien ($100.00)
3.  Foreclosure of an assessment lien (Fees and costs legally permitted)
4.  Filing of a small claims suit or other legal action ($150.00)

This statement is provided as a courtesy to assist you in making your yearly maintenance fee payment. Non receipt of a statement does not relieve you of your financial obligation.

**NOTE:** Your account will be assessed $50.00 for any payment not honored. If a payment is not honored for any reason, restitution (including all relevant charges) must be made by secured funds – cash, postal money order, or cashier's check.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## USE FORM
## PLEASE INDICATE YOUR INTENDED USE TIME PLANS

We have already booked our time for 2015

We have **NOT** already booked our time for 2015

Float Week Owners:  Please reserve one of the following weeks for us:

1ST  Choice:

2ND  Choice:

3RD  Choice:

**Remember:** Reservations are **NOT** valid until they are confirmed in writing

All owners please complete the following information:

_____ **Personal Use:** We intend to use our week at the Stormy Point Village Resort.

_____ **Guest Use:** We intend to let our guest use our week at the Stormy Point Village Resort:

Guest name(s)                                                    Phone #

**Use Year Annual Assessments must be paid in full in order to deposit your week.**

_____ **Bank/Exchange:** We would like to deposit our week with ❏Trading Places ❏II, Member No.

_____ **Premier Access into the Summerwinds Family of Resorts:** Please contact us to schedule a reservation at one of the select Family of Resorts

**E-mail:**                                                    **Phone #:**

**Signature:**                                                **Date:**

# EXHIBIT "A-3"

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## HON. WENDELL GRIFFEN - 5TH DIVISION 6TH CIRCUIT

SANDRA CARTER V MERIDIAN FINANCIAL SERVICS, INC

60CV-16-1941

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

MERIDIAN FINANCIAL SERVICES, INC.
c/o Corporate Creations
Network, Inc., Reg. Agent
609 SW 8th Street #600
Bentonville, AR 72712

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Timothy Cullen
P.O. Box 3255
Little Rock, AR 72203

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:

CLERK OF COURT

Address of Clerks Office

LARRY CRANE,  CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR  72201

*Christy R McDaniel*

CLERK Christy Renee McDaniel, DC

Date: 04/05/2016

No. 60CV-16-1941 This summons is for MERIDIAN FINANCIAL SERVICES, INC. (name of Defendant).

PROOF OF SERVICE

❑ I personally delivered the summons and complaint to the individual at
_____[place] on _____ [date];
or

❑ I left the summons and complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

❑ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at least 14
years of age who resides there, on _____[date]; or

❑ I delivered the summons and complaint to _____[name of individual], an agent
authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons
and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as
shown by the attached signed return receipt.

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the
summons and complaint by first-class mail to the defendant together with two copies of a notice and
acknowledgment and received the attached notice and acknowledgment form within twenty days after
the date of mailing.

❑ Other [specify]:
_____

❑ I was unable to execute service because:
_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

                             By: _____
                             [Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____      By: _____
                          [Signature of server]


                          _____
                          [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____


                          _____
                          Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

# EXHIBIT "A-4"

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-May-16 11:31:33
60CV-16-1941
C06D05 . 2 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

**SANDRA CARTER, on behalf of herself**                                    **Plaintiff**
**and all other similarly situated individuals**

**vs.**                                    **Case No. 60CV-16-1941**

**MERIDIAN FINANCIAL SERVICES, INC.**                          **Defendant**

### AFFIDAVIT OF SERVICE

I, Timothy J. Cullen, attorney for the Plaintiff herein, do hereby state and allege that the following facts are true and correct to the best of my information, knowledge, and belief:

1.      Pursuant to Rule 4 of the Arkansas Rules of Civil Procedure, I mailed a copy of the Complaint and Summons to the Defendant. The Complaint and Summons were sent via Certified Mail, Restricted Delivery, with return receipt.

2.      I received the return receipt from the Defendant, acknowledging receipt and acceptance of the Complaint and Summons on May 10, 2016.   See Exhibit A, attached, which is fully incorporated herein and set out as if verbatim.

3.      Pursuant to Rule 4 of the Arkansas Rules of Civil Procedure, I have perfected Service of Process on the above-named Defendant.

Respectfully Submitted,

CULLEN & CO., PLLC
P.O. Box 3255
Little Rock, AR 72203
(501) 370-4800

Timothy J. Cullen

## VERIFICATION

Subscribed and sworn to before me, a Notary Public, on this the 16th day of May, 2016.

_____
NOTARY PUBLIC

My Commission Expires:

_____

REBECCA BURKS
Arkansas - Grant County
Notary Public - Comm# 12393937
My Commission Expires Jun 20, 2023

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gregory B. Sheperd, President
Meridian Financial Services, Inc.
1636 Hendersonville Road, Suite 135
Asheville, NC 28803



9590 9401 0056 5168 2167 04

2. Article Number (Transfer from service label)

7015 0640 0005 0099 1399

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
Adult Signature
Adult Signature Restricted Delivery
Certified Mail
Certified Mail Restricted Delivery
Collect on Delivery
Collect on Delivery Restricted Delivery
Insured Mail
Insured Mail Restricted Delivery ($500)

Priority Mail Express
Registered Mail
Registered Mail Restricted Delivery
Return Receipt for Merchandise
Signature Confirmation
Signature Confirmation Restricted Delivery

**EXHIBIT A**

Domestic Return Receipt

## Report Selection Criteria

**Case ID:**          60CV-16-1941
**Citation No:**
**Docket Start Date:**
**Docket Ending Date:**


## Case Description

**Case ID:**     60CV-16-1941 - SANDRA CARTER V MERIDIAN FINANCIAL SERVICS, INC *-JURY TRIAL*
**Filing Date:** Tuesday , April 05th, 2016
**Court:**       60 - PULASKI
**Location:**    CI - CIRCUIT
**Type:**        OD - OTHER-TORT
**Status:**      *none*
**Images:**


## Case Event Schedule

*No case events were found.*

## Case Parties

| Seq # | Assoc | End Date | Type | ID | Name |
|---|---|---|---|---|---|
| 3 | | | PLAINTIFF/PETITIONER ATTORNEY | <u>1006443</u> | **CULLEN, TIMOTHY JAMES** |
| | | | | **Aliases:** | CULLEN, TIMOTHY J. <br> CULLEN, TIM |

5/18/2016                                    - Not an Official Document

| 2 | | | PLAINTIFF | 14381682 | **CARTER, SANDRA** |
|---|---|---|---|---|---|
| | | | | **Aliases:** | *none* |
| | | | | | |
| 1 | | | JUDGE | 7965388 | **HON. WENDELL GRIFFEN - 5TH DIVISION 6TH CIRCUIT** |
| | | | | **Aliases:** | GRIFFEN |
| | | | | | |
| 4 | | | DEFENDANT | 14381683 | **MERIDIAN FINANCIAL SERVICES, INC.** |
| | | | | **Aliases:** | *none* |
| | | | | | |

## Violations




## Sentence

No Sentence Info Found.




## Milestone Tracks

*No Milestone Tracks found.*

5/18/2016

## Docket Entries

| Filing Date | Description | Name | Monetary |
|---|---|---|---|
| 04/05/2016 11:16 AM | AOC COVERSHEET CIVIL | CULLEN, TIMOTHY JAMES | |
| **Entry:** | *none.* | | |
| **Images** | <u>WEB</u> | | |

| Filing Date | Description | Name | Monetary |
|---|---|---|---|
| 04/05/2016 11:16 AM | COMPLAINT/PETITION FILED $ | CULLEN, TIMOTHY JAMES | |
| **Entry:** | *none.* | | |
| **Images** | <u>WEB</u> | | |

| Filing Date | Description | Name | Monetary |
|---|---|---|---|
| 04/05/2016 11:16 AM | EXHIBITS | CULLEN, TIMOTHY JAMES | |
| **Entry:** | *none.* | | |
| **Images** | <u>WEB</u> | | |

| Filing Date | Description | Name | Monetary |
|---|---|---|---|
| 04/05/2016 11:16 AM | EXHIBITS | CULLEN, TIMOTHY JAMES | |
| **Entry:** | *none.* | | |
| **Images** | <u>WEB</u> | | |

| Filing Date | Description | Name | Monetary |
|---|---|---|---|
| 04/05/2016 | EXHIBITS | CULLEN, TIMOTHY JAMES | |

5/18/2016

| 11:16 AM | | | |
|---|---|---|---|
| **Entry:** | *none.* | | |
| **Images** | WEB | | |

| | | | |
|---|---|---|---|
| 04/05/2016 11:16 AM | EXHIBITS | CULLEN, TIMOTHY JAMES | |
| **Entry:** | *none.* | | |
| **Images** | WEB | | |

| | | | |
|---|---|---|---|
| 04/05/2016 11:16 AM | SUMMONS ISSUED | CULLEN, TIMOTHY JAMES | |
| **Entry:** | *none.* | | |
| **Images** | WEB | | |

| | | | |
|---|---|---|---|
| 04/05/2016 11:16 AM | MOF ORIGINAL | CULLEN, TIMOTHY JAMES | |
| **Entry:** | *none.* | | |
| **Images** | No Images | | |

| | | | |
|---|---|---|---|
| 04/05/2016 01:57 PM | PAYMENT RECEIVED | | |
| **Entry:** | A Payment of $165.00 was made on receipt 60CI232764. | | |
| **Images** | No Images | | |

5/18/2016

| 05/05/2016 01:15 PM | SUMMONS SERVED | CULLEN, TIMOTHY JAMES | |
|---|---|---|---|
| **Entry:** | TO: MERIDIAN FINANCIAL SERVICES INC C/O CORPORATE CREATIONS (REG AGENT) RECEIVED BY JULIE HELGESTAD ON 4-29-16 | | |
| **Images** | No Images | | |

| 05/16/2016 11:31 AM | AFFIDAVIT OF SERVICE | CULLEN, TIMOTHY JAMES | |
|---|---|---|---|
| **Entry:** | GREGORY B. SHEPERD | | |
| **Images** | WEB | | |

# EXHIBIT "B"

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### FIFTH DIVISION

**SANDRA CARTER, on behalf of herself
and all other similarly situated individuals**                      **PLAINTIFFS**

**VS.**

### Case No. 60CV-16-1941

**MERIDIAN FINANCIAL SERVICES, INC.**                      **DEFENDANT**

### DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Meridian Financial Services, Inc. has filed a Notice of Removal in the United States District Court for the Eastern District of Arkansas, Western Division, as to the above-styled and captioned case currently pending in the Circuit Court of Pulaski County, Arkansas, Fifth Division. A true and correct copy of that Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1367, and 1453 as filed with the United States District Court for the Eastern District of Arkansas, Western Division, is attached and incorporated by reference as Exhibit A.

Respectfully submitted,

By:     */s/ Ashley Welch Hudson*
_____
Ashley Welch Hudson, AR 07136
Kutak Rock LLP
One Union National Plaza
124 West Capitol Ave., 20th Floor
Little Rock, Arkansas 72201
Main Dial: 501.975.3000
Facsimile: 501.975.3001
ashley.hudson@kutakrock.com

**Attorneys for Defendant Meridian
Financial Services, Inc.**

1

4834-9408-6962.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2016, that a true and correct copy of the foregoing has been served on all necessary persons via this Court's eFlex system as of the date of filing by the Clerk of the Court. An additional copy of the same has been served on the following via electronic mail:

Timothy J. Cullen
Cullen & Co., PLLC
P.O. Box 3255
Little Rock, Arkansas 72203
tim@cullenandcompany.com

/s/ *Ashley Welch Hudson*

_____
Ashley Welch Hudson

2

4834-9408-6962 1